## CLINTON RAYNOR, APPELLANT, *v.* HARRISON GORDON AND OTHERS, RESPONDENTS.

*Application to sell land of a decedent to pay his debts—the judgment creditor of a devisee may set up the statute of limitations—when the statute bars the proceedings.*

Upon an application by a creditor of one deceased, for an order directing land devised to be sold to pay the decedent's debts, judgment creditors of the devisee may set up the statute of limitations as a defense, though the devisee himself does not appear or oppose the application.

Such proceedings cannot be maintained when an action on the original debt would not then lie. The fact that a judgment was recovered against the executor who was also the devisee before an action on the debt was barred by the statute will not enable the creditor of the decedent to maintain the proceedings.

APPEAL from the decree of the surrogate of Suffolk county, denying the application of the appellant for an order directing the sale of so much of the real estate of the testator devised to the defendant, Harrison Gordon, and not conveyed by him, as should be necessary to pay the debt of the appellant.

Henry Gordon died July 12, 1871, leaving three sons, his only next of kin and heirs at law, to whom he gave all his real estate in different proportions, but died intestate as to nearly all his personal property. His son, Harrison Gordon, was his sole executor.

The inventory is dated October 18, 1871, and amounts to $2,741.89, including a note from the executor, Harrison Gordon, to the testator, for $1,000, with $55.50 interest due, secured by a mortgage.

The testator was indebted to the appellant in the sum of $400, on a note dated October 1, 1868, payable on demand, with interest at six per cent., with two years' interest indorsed. On this note the appellant recovered judgment by default in the Supreme Court on July 12, 1873, for $480.97, against the executor. The executor has no personal assets except his own indebtedness to the estate, and the estate owes no other debt than that of the appellant.

The devisee of the land and executor of the will did not appear in this proceeding, and makes no objection to the sale of his real

estate for the payment of the amount due from the estate of his father to the appellant.

The three respondents are three separate judgment creditors of Harrison Gordon, who claim that their several judgments are liens on the real estate devised to the said Harrison Gordon by his father. The judgments were recovered on February 8, 1877, and August 16, 1879.

*George Miller*, for the appellant.

*William Wickham*, for the respondents.

GILBERT, J.:

The petition to the surrogate shows, on its face, that the executor was indebted to the estate of the decedent in the sum of $1,415.72, and that the decedent owed no debt except that due to the petitioner, which amounted only to the sum of $542.82. Thus, the petition showed a surplus of assets over and above debts amounting to $872.90. The legal intendment is that a debt due to a testator from an executor is an asset in the hands of the latter, for he is made by statute liable for the amount of the debt as so much money in his hands, at the maturity of the debt. (2 R. S., 84, § 13.) No fact is stated in the petition showing that the executor is irresponsible, or that for any reason his indebtedness is not an available asset. The jurisdictional fact of a deficiency of assets therefor was wholly wanting.

We are of opinion, also, that the petitioner's claim has been barred by the statute of limitations. In this proceeding the debt must be established. A judgment is merely evidence of the debt. The statute of limitations is pleadable in bar of the debt in the same manner as though the proceedings were an action to recover the debt. (*Ferguson* v. *Broome*, 1 Bradf., 10.) It appears, however, that the executor is also a devisee, that the prayer of the petition is restricted to the land devised to him, and that the executor did not appear before the surrogate, or in any manner avail himself of the statute of limitations as a defense in this proceeding. The appellants insist that the respondents, who are judgment creditors

of the executor personally, cannot set up the statute of limitations because their interest in the lands devised to the executor is not a vested one. Their interest is a lien only, it is true, and that is neither a *jus in re*, nor a *jus ad rem*. Still, there is no contingency about it. Whatever rights their judgments afford are vested rights. But the statute on this subject does not admit of the construction contended for. Its language is that any person claiming under any heir or devisee may set up the statute of limitations, &c. (2 R. S., 101, § 10.) The claim of the respondents is to enforce their lien on the lands which the petitioner asks to have sold. The land was devised to the executor. Their claim, therefore, rests exclusively upon the title of such devisee, and therefore must be in a legal sense under him.

The decree of the surrogate must be affirmed, with costs.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Decree of surrogate affirmed, with costs.